UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MULTILATERAL PARTNERS
FORT MYERS BEACH INCOME,
L.P.,

     Plaintiff,

v.                                                        Case No.:  2:25-cv-42-JES-KCD

INDEPENDENT SPECIALTY
INSURANCE COMPANY and
CERTAIN UNDERWRITERS AT
LLOYD'S, AND OTHER
INSURERS SUBSCRIBING TO
BINDING AUTHORITY
B604510568622022,

     Defendants.

_____/

## ORDER

     Defendants Independent Specialty Insurance Company and Certain Underwriters at Lloyd's of London move to compel arbitration of this insurance dispute. (Doc. 4.)[1] Plaintiff Multilateral Partners Fort Myers Beach Income, L.P. did not respond, so the Court treats the matter as unopposed. *See* Local Rule 3.01(c). For the reasons below, Defendants' motion is granted, and this dispute is ordered to arbitration.

_____

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

## I. Background

Plaintiff claims it submitted an insurance claim for hurricane damage that Defendants will not pay. To recover the funds allegedly owed, Plaintiff filed this suit for breach of contract under Florida law. (Doc. 12.)

The parties' insurance contract contains an arbitration provision:

> All matters in difference between an insured and the Insurer (hereinafter referred to as "the Parties") in relation to this insurance, including its formation, validity, and the arbitrability of any dispute, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out. This Arbitration Clause applies to all persons or entities claiming that they are entitled to any sums under the policy, including, but not limited to, additional insureds, mortgagees, lender's loss payees, assignees, and/or lienholders.

(Doc. 4 at 3.) The agreement elsewhere provides that the arbitration tribunal "may not award exemplary, punitive, multiple or other damages of a similar nature." (*Id.* at 4.) And arbitration is to occur in New York, applying New York law. (*Id.*)

According to Defendants, Plaintiff's breach of contract claim falls under the arbitration clause. They thus seek an "order compelling arbitration" and staying this case until such proceedings conclude. (Doc. 4 at 24.)

## II. Discussion

Because one of the parties is a foreign entity, Defendants move for relief under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. (*See* Doc. 4 at 5.) It requires a district court to order arbitration if an

international arbitration clause falls within its coverage. *See* 9 U.S.C. § 201; *Bautista v. Star Cruises*, 396 F.3d 1289, 1294 (11th Cir. 2005). As the Supreme Court has explained, there is a "strong federal policy in favor of enforcing arbitration agreements." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985). And this policy "applies with special force in the field of international commerce." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985).

"In deciding a motion to compel arbitration under the [Convention], a court conducts a very limited inquiry." *Bautista v. Star Cruises*, 396 F.3d 1289, 1294 (11th Cir. 2005). The Eleventh Circuit has established a rather straightforward framework for this analysis. "[F]our jurisdictional prerequisites" must be satisfied to trigger the Convention: (1) an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen. *Northrop & Johnson Yachts-Ships, Inc. v. Royal Van Lent Shipyard, B.V.*, 855 F. App'x 468, 472 (11th Cir. 2021).

All the elements are satisfied here, and Plaintiff has not opposed the request. The pertinent insurance policy establishes a commercial legal relationship and contains an expansive arbitration clause covering the dispute. Arbitration is to proceed in the United States (who is a participant to the

Convention) and at least one defendant (Lloyd's of London) is a foreign entity. Nothing more is required. *See, e.g., VVG Real Est. Invs. v. Underwriters at Lloyd's, London*, 317 F. Supp. 3d 1199, 1205 (S.D. Fla. 2018).

Defendants seek a stay while arbitration proceeds. "The Eleventh Circuit has held that the proper course is to stay the proceedings rather than dismiss the action" during arbitration. *Norfolk S. Ry. Co. v. Fla. E. Coast Ry., LLC*, No. 3:13-CV-576-J-34JRK, 2014 WL 757942, at *11 (M.D. Fla. Feb. 26, 2014). Accordingly, the Court will follow suit.

It is thus **ORDERED**:[2]

1. Defendants' Motion to Compel Arbitration (Doc. 4) is **GRANTED**.

2. If no objections to this Order are filed within the time allotted under Fed. R. Civ. P. 72, the parties are directed to arbitrate this dispute in accordance with their agreement.

3. If no objections to this Order are filed within the time allotted under Fed. R. Civ. P. 72, the Clerk is directed to **ENTER A STAY**, add a stay flag to the docket, and **ADMISTRATIVELY CLOSE THE CASE**.

4. The parties must file a written status report on **May 5, 2025**, and every 90 days thereafter until arbitration is complete.

---

[2] Because a motion to compel arbitration does not address the merits of the dispute but merely changes the forum, it is a non-dispositive matter that does not require a report and recommendation. *See Soriano v. Experian Info. Sols., Inc.*, No. 2:22-CV-197-SPC-KCD, 2022 WL 17551786, at *1 (M.D. Fla. Dec. 9, 2022); *Moore v. Chuck Stevens Automative, Inc.*, No. CA 1:12-00663-KD-C, 2013 WL 627232, at *1 (S.D. Ala. Feb. 20, 2013).

    5. If objections are timely filed, the Clerk is directed to hold disposition until so ordered by the District Judge.

    **ENTERED** in Fort Myers, Florida on February 4, 2025.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record